COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ABATEMENT ORDER

Appellate case name:      Anh Tran v. The State of Texas

Appellate case number:   01-18-00623-CR

Trial court case number:  1553478

Trial court:              208th District Court of Harris County

Appellant filed a motion to abate the appeal for findings of fact and conclusions of law regarding the denial of appellant's motion to suppress. Appellant stated that the trial court orally denied the motion at the conclusion of the hearing, but refused appellant's request to prepare written findings of fact and conclusions of law or to make oral findings and conclusions.

If a defendant requests findings of fact and conclusions of law, the trial court must make them and if the trial court refuses to do so, the appellate court shall remand for the preparation of these findings and conclusions. *See State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006). Accordingly, this court issued an order on November 8, 2018, abating the appeal and remanding to the trial court for preparation of findings and conclusions. These findings and conclusions were not prepared. A successor trial judge was elected and took the bench on January 1, 2019.

The Court of Criminal Appeals has held that the successor judge may prepare the findings and conclusions only if the prior judge is unavailable or ineligible for appointment. *See Velez v. State*, No. AP–76,051, 2012 WL 2130890, at *13 (Tex. Crim. App. Oct. 13, 2013) (not designated for publication). In *Velez*, the Court of Criminal Appeals had ordered the trial court to prepare and file the findings of fact and conclusions of law and the successor judge responded that she could not prepare them because she was not the judge who presided over the suppression hearing. *See id.* The successor judge had requested the presiding judge of the Fifth Administrative Region to appoint the prior judge to prepare the findings and conclusion, but the appointment was not made because the prior judge was unavailable or ineligible for appointment. *See id.* Based on these circumstances, the Court held that it would accept findings and conclusions prepared by the successor judge "based on the prior judge's ruling on the record and the transcript of the suppression hearing." *Id.* The *Velez* case does not state the reason that the prior judge was unavailable or ineligible to be appointed. *See id.* But, other cases have indicated that circumstances causing a judge to be unavailable or ineligible may include death of the prior judge, *see Rodriguez*

*v. State*, No. 01–14–00774–CR, 2017 WL 3184744, at \*10 (Tex. App.—Houston [1st Dist.] July 27, 2017, pet. ref'd), and disqualification of the prior judge by voluntary agreement with the State Commission on Judicial Conduct, *see Pavon-Maldonado v. State*, No. 14–13–00944–CR, 2015 WL 1456523, at \*4 n. 5 (Tex. App.—Houston [14th Dist.] Mar. 26, 2015, no pet.).

Because the prior judge did not make the findings and conclusions this court ordered her to prepare, we must continue the abatement of this appeal for the preparation and filing of findings of fact and conclusions of law concerning the denial of appellant's motion to suppress. The successor judge shall ask the presiding judge of the Eleventh Administrative Region to appoint the prior judge to prepare the findings and conclusions unless the prior judge is unavailable or ineligible for appointment. *See Velez*, 2012 WL 2130890, at \*13. If the prior judge is unavailable or ineligible, the successor trial judge may prepare the findings and conclusion based on the suppression hearing record. *See id.* The findings of fact and conclusions of law shall be filed with this Court in a supplemental clerk's record no later than 60 days from the date of this order.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings of fact and conclusions of law are filed in this Court.

It is so ORDERED.

Judge's signature: ____/s/ Justice Richard Hightower_____
                    ☑ Acting individually     ☐ Acting for the Court

Date:  _January 10, 2019_____